IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RODNEY L. BROADNAX, JR.,

    **Plaintiff,**

    v.

TOPEKA POLICE DEPARTMENT,

    **Defendant.**

Case No. 21-CV-3268-JAR-KGG

## MEMORANDUM AND ORDER

Plaintiff Rodney L. Broadnax Jr. filed this action *pro se* and *in forma pauperis* against Defendant Topeka Police Department ("TPD") under 42 U.S.C. § 1983, alleging excessive use of force in connection with his July 31, 2021 arrest. Before the Court is Defendant's Motion to Dismiss and Memorandum in Support (Doc. 10) under Fed. R. Civ. P. 12(b)(6), arguing that it lacks the capacity to be sued under Rule 17(b). The motion is fully briefed, and the Court is prepared to rule. For the reasons stated below, Defendant's motion to dismiss is granted with leave to amend within twenty-one days of this Order.

**I.    Standard**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above a speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[1] "[T]he complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[2] The plausibility standard does not require a showing of

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).
[2] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

probability that a defendant has acted unlawfully but requires more than "a sheer possibility."[3] "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[4] Finally, the Court must accept the plaintiff's factual allegations as true, view those facts in the light most favorable to the plaintiff, and assess whether they give rise to a reasonable inference that the defendant is liable in light of the applicable law.[5] "

The Supreme Court has explained the analysis as a two-step process. First, the court must determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[6] Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[7] "A claim has facial plausibility when Plaintiff pleads factual content that allows the court to draw the reasonable inference that Defendant is liable for the misconduct alleged."[8]

Since Plaintiff is a *pro se* litigant, the Court must construe his pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[9] If a *pro se* plaintiff's complaint can reasonably be read "to state a valid claim on which the plaintiff could prevail, [the court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with

---

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[5] *See Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

[6] *Iqbal*, 556 U.S. at 679.

[7] *Id.*

[8] *Id.* at 678.

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

pleading requirements.[10]  *Pro se* litigants are still obligated to "comply with the fundamental requirements of the Federal Rules of Civil . . .Procedure."[11]

**II.     Background**

The following facts are taken from Plaintiff's Complaint and assumed to be true for the purpose of deciding this motion.  On July 31, 2021, Plaintiff was arrested in Topeka, Kansas at the entrance of the North Topeka Walmart.  During the arrest, Plaintiff was slammed onto the concrete.  Once on the ground, Plaintiff's face laid in a puddle of blood for more than two minutes, while a police officer pressed their knee onto Plaintiff's cheek bone.  The officer's knee remained on Plaintiff's face for more than seven seconds.  The officer did not remove their knee until Plaintiff asked.  As a result, Plaintiff needed medical attention.  Plaintiff was transported to St. Francis hospital by ambulance and sedated to receive stitches.  When Plaintiff awoke from sedation, he was in the Shawnee County jail.  Plaintiff was then moved to the medical unit and placed on suicide watch.  There is audio and visual footage of the arrest provided by Walmart's cameras, TPD officers' bodycams, and vehicle cameras.

**III.    Discussion**

Defendant TPD asserts that the Court must dismiss it from the action because it is not a legal entity subject to suit.  Lack of capacity is determined "by the law of the state where the court is located."[12]  The general rule in Kansas is that without specific statutory authority, "subordinate government agencies do not have the capacity to sue or be sued."[13]  "The statutory

---

[10] *Id.*

[11] *Salary v. United States*, 575 App'x 826 (10th Cir. 2014).

[12] Fed. R. Civ. P. 17(b)(3).

[13] *Fugate v. Unified Gov't of Wyandotte Cnty./Kan. City, Kan.*, 161 F. Supp. 2d 1261, 1266 (D. Kan. 2001).

authority need not be express, but can be implied."[14]  Under Kansas case law, courts have found that city police departments do not have the capacity to sue or be sued.[15]  Here, the TPD is not a separate entity from the City of Topeka.  It is merely a subordinate agency of the city government.  There is no explicit statutory authority granting capacity to sue or be sued.  Therefore, the Court must dismiss the claim against the TPD.

A *pro se* litigant is generally entitled to notice and an opportunity to amend the complaint to overcome any deficiency unless it is clear that no amendment can cure the defect.[16]  Leave need not be granted if amendment would be futile.[17]  Because of the nature of his allegations, the Court will grant Plaintiff an opportunity to amend to remedy the defects in his pleading to name the correct parties.  The Court cautions Plaintiff, however, that if he pursues any claim alleging municipal liability against the City of Topeka, then he must include allegations identifying a custom or policy of the City that was a direct cause or a moving force behind any violation of his constitutional rights.[18]  Further, any claim against an individual defendant, such as the arresting TPD officers, must contain specific factual allegations identifying each individual, what each individual did, and how each individual's actions deprived Plaintiff of a constitutional right.[19]  Generalized and conclusory statements are not sufficient to state a claim for relief.[20]

---

[14] *Lindenman v. Umscheid*, 875 P.2d 964, 977 (Kan. 1994) (citation omitted).

[15] *See Helms v. Withington*, No. 16-2388-JAR-TJJ, 2016 WL 6093777, at *1 n.9 (D. Kan. Oct. 19, 2016) (collecting cases).

[16] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[17] *See Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010).

[18] *See Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010); *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978).

[19] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008).

[20] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff must file any amended complaint within twenty-one days of entry of this Order. Failure to file an amended complaint within that time will result in final dismissal of this action without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Topeka Police Department's Motion to Dismiss (Doc. 10) is **granted with leave to amend within twenty-one days of entry of this Order**. Failure to file an amended complaint within that time will result in final dismissal of this action without further notice.

**IT IS SO ORDERED.**

Dated: June 14, 2022

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
