IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RODNEY L. BROADNAX, JR.,

    **Plaintiff,**

    v.

AUSTIN ROBERTS,

    **Defendant.**

Case No. 21-3268-JAR-KGG

# MEMORANDUM AND ORDER

Plaintiff Rodney L. Broadnax, Jr. filed this action *pro se* and *in forma pauperis* against Defendant Topeka Police Department ("TPD") under 42 U.S.C. § 1983, alleging excessive use of force in connection with his July 31, 2021 arrest. The Court granted TPD's motion to dismiss because, as a subordinate agency of the City of Topeka, it does not have the capacity to sue or be sued.[1] However, Plaintiff was granted leave to file an Amended Complaint identifying TPD Officer Austin Roberts as the individual who subjected him to excessive force during the course of his arrest. Now before the Court is Defendant Roberts' Motion to Dismiss (Doc. 17). Plaintiff has not responded to the motion, so it can therefore be granted as uncontested. The motion can also be granted on the merits, as described more fully below.

**I.      Failure to Oppose Defendant's Motion to Dismiss**

Plaintiff failed to file a response to the motion to dismiss and the time to do so has expired.[2] Under D. Kan. Rule 7.4(b),

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such

---

[1] Doc. 12.

[2] *See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within twenty-one days).

> brief or memorandum.  If a responsive brief or memorandum is not
> filed within the D. Kan. Rule 6.1(d) time requirements, the court
> will consider and decide the motion as an uncontested motion.
> Ordinarily, the court will grant the motion without further notice.

A *pro se* litigant is not excused from complying with the rules of the court and is subject to the consequences of noncompliance.[3]  Defendant mailed Plaintiff a copy of the Motion to Dismiss on September 29, 2022.[4]  No response was filed and the twenty-one-day response time provided by the local rule has expired.[5]  As a result of Plaintiff's failure to respond, the Court grants Defendant's motion to dismiss as uncontested.

## II.     Failure to State a Claim Upon Which Relief Can Be Granted

Plaintiff's claim also may be dismissed on the merits.  To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level"[6] and must include "enough facts to state a claim for relief that is plausible on its face."[7]  Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[8]  The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires more than "a sheer possibility."[9]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each

---

[3] *Requena v. Roberts*, 893 F.3d 1195, 1196 (10th Cir. 2018) (citing *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules)).

[4] Doc. 17 at 6.

[5] D. Kan. R. 6.1(d)(2).

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004)).

[7] *Id*. at 570.

[8] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

claim."[10]  Finally, the court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[11]

The Supreme Court has explained the analysis as a two-step process.  For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'"[12]  Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[13]  Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[14]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15]

Liberally construing Plaintiff's Complaint, as the Court must, Plaintiff alleges a claim under 42 U.S.C. § 1983.  Section 1983 provides a cause of action for the deprivation of federal rights by any person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory. . . ."[16]  The statute "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"[17]

---

[10] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[11] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

[12] *Id*. (quoting *Twombly*, 550 U.S. at 555).

[13] *Id.* at 678–79.

[14] *Id*. at 679.

[15] *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

[16] 42 U.S.C. § 1983.

[17] *Albright v. Oliver*, 510 U.S. 266, 270 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)).

Plaintiff has not stated precisely which of his constitutional rights he contends Defendant violated. The Court's "first task in any § 1983 suit alleging a constitutional violation is 'to isolate the precise constitutional violation with which [the defendant] is charged.'"[18] An excessive force claim can be cognizable under the Fourth, Fifth, Eighth, or Fourteenth Amendments, but "each carries with it a very different legal test."[19] The standard to be applied depends on precisely where the plaintiff was in the criminal justice system at the time of the challenged conduct.[20] "Any force used 'leading up to and including an arrest' may be actionable under the Fourth Amendment's prohibition against unreasonable seizures."[21] Plaintiff alleges that he was handcuffed during his encounter with Defendant, suggesting that he was under arrest. Therefore, the Court considers whether Plaintiff sufficiently alleges an excessive force claim against Defendant in violation of the Fourth Amendment.

In *Graham v. Connor*, the United States Supreme Court held that claims that a police officer has used excessive force in the course of an arrest must be analyzed under the Fourth Amendment's "objective reasonableness" standard.[22] Using that standard—and keeping in mind "that police officers are often forced to make split-second judgments . . . about the amount of force that is necessary in a particular situation"—the Court examines "whether the officer['s] actions [were] 'objectively reasonable' in light of the facts and circumstances confronting [him], without regard to [his] underlying intent or motivation."[23] This inquiry must be undertaken from "the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of

---

[18] *Porro v. Barnes*, 624 F.3d 1322, 1325 (10th Cir. 2010) (quoting *Baker*, 443 U.S. at 140).

[19] *Estate of Booker v. Gomez*, 745 F.3d 405, 418–19 (10th Cir. 2014) (quoting *Porro*, 624 F.3d at 1325).

[20] *Id.* at 419.

[21] *Id.* (quoting *Porro*, 624 F.3d at 1325–26).

[22] 490 U.S. 386, 388, 394–95 (1989).

[23] *Id*. at 397.

4

hindsight."[24]  The Supreme Court has identified three factors to be examined by courts analyzing claims of excessive force during an arrest: (1) "the severity of the crime at issue," (2) "whether the suspect pose[d] an immediate threat to the safety of the officer[] or others," and (3) "whether [the suspect was] actively resisting arrest or attempting to evade arrest by flight."[25]

Under this legal framework, the Court finds that Plaintiff fails to state a plausible Fourth Amendment violation.  The Court looks to the amended Complaint to assess Plaintiff's claims.[26]  Plaintiff does not offer any factual information or details regarding the circumstances of his arrest or the nature of the crime at issue.  Plaintiff alleges that Defendant "successfully performed physical harm" to his body with and that "there were specific details of physical abuse."[27]  These vague and general allegations lack sufficient factual detail to assert that Defendant caused a constitutional violation.  Plaintiff's allegation that Defendant caused physical harm "with extra aggression to prove his point" is also unavailing.[28]  Defendant's subjective motive in applying force is irrelevant to the Fourth Amendment objective reasonableness inquiry.  Accordingly, based on the absence of any facts to support a plausible claim for relief, the Court also grants Defendant's motion to dismiss for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Austin Roberts' Motion to Dismiss (Doc. 17) is **granted.**

**IT IS SO ORDERED.**

---

[24] *Id*. at 396.

[25] *Id*.

[26] *See Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007) ("[A]n amended Complaint 'supersedes the original complaint and renders the original complaint without legal effect.") (citing *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000)).

[27] Doc. 14.

[28] *See id.*

6

Dated: November 22, 2022

                                       S/ Julie A. Robinson
                                       JULIE A. ROBINSON
                                       UNITED STATES DISTRICT JUDGE